UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERMAN LEE BARTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> WHATCOM COUNTY JAIL, *et al.*, <br><br> Defendants. | Case No. C14-612-RSL-JPD <br><br> REPORT AND RECOMMENDATION |

Plaintiff Herman Barton, Jr. is currently confined at the Western State Hospital in Lakewood, Washington where he is apparently undergoing competency restoration for a pending Whatcom County Superior Court criminal case. On April 24, 2014, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleged that he had been subjected to sexual harassment, and threats of assault, during various periods of confinement at the Whatcom County Jail ("the Jail"). (*See* Dkt. 1.) He also alleged that he had been assaulted during the course of his most recent period of confinement at the Jail and that he had been subjected to unsanitary conditions of confinement. (*Id.*) Plaintiff identified Whatcom County Jail Employees; the Whatcom County Sheriff's Department; and, the City of Bellingham as defendants in his complaint. (*See id.*)

REPORT AND RECOMMENDATION - 1

On April 30, 2014, plaintiff submitted a second complaint in which he alleged that he has been subjected to threats of assault and has been forcibly medicated during the course of his confinement at WSH. (Dkt. 3.) Plaintiff identified Western State Hospital and Western State Hospital Employees as defendants in his second complaint.

On May 16, 2014, this Court issued an Order granting plaintiff leave to proceed with this action *in forma pauperis* and his original complaint was filed. (*See* Dkts. 8 and 10.) On the same date, this Court issued an Order declining to serve plaintiff's original complaint and granting him leave to file an amended complaint curing deficiencies identified in his original pleading. (Dkt. 9.)

The Court explained in its Order declining to serve plaintiff's complaint that neither the Whatcom County Jail nor the Whatcom County Sheriff's Department was a proper defendant in this action, and that if he wanted to proceed against Whatcom County he would have to identify the County as a defendant and he would have to identify a municipal policy or custom that caused him harm of federal constitutional dimension. The Court also explained that if plaintiff wanted to pursue claims against individual members of the Jail or Sheriff's Department staffs, he would have to (1) specifically identify the individuals involved in the alleged misconduct, (2) identify the federal constitutional right that was violated by each individual, and (3) set forth specific facts demonstrating that each named individual personally participated in causing him harm of constitutional dimension. Finally, the Court explained that if plaintiff wanted to proceed against the City of Bellingham he would have to specifically identify a municipal policy or custom that caused him harm of federal constitutional dimension.[1]

---

[1] The Court also advised plaintiff that if he wished to pursue claims arising out of his confinement at WSH he would have to file a new action asserting those claims. (*See* Dkt. 9 at 4.)

REPORT AND RECOMMENDATION - 2

On May 27, 2014, plaintiff filed an amended complaint in which he alleges that he has been repeatedly assaulted and has been subjected to sexual harassment and threats of assault by employees of the Whatcom County Sheriff's Department, and he identifies the Whatcom County Sheriff's Department as the lone defendant in this action. (Dkt. 13.) Plaintiff indicates in his amended pleading that he does not know the names of any of the individual employees who engaged in the alleged misconduct, but notes that every employee of the Whatcom County Sheriff's Department will be subpoenaed for trial.

As plaintiff was previously advised, the Whatcom County Sheriff's Department is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). Plaintiff's expressed intent to subpoena employees of the Sheriff's Department at a later date does not cure the immediate deficiency.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff has not identified any viable defendant in this § 1983 action, this Court recommends that plaintiff's amended complaint, and this action, be dismissed, without prejudice, pursuant to § 1915(e)(2)(B).

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 2, 2014**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely

REPORT AND RECOMMENDATION - 3

objections are filed, the matter will be ready for consideration by the District Judge on **July 4, 2014**.

DATED this 11th day of June, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4